```
             UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

SHAWN ERIC SEIFERT,

      Plaintiff,　　　　　　　　　　No. 18-CV-11559-DLC

      v.

DR. YEH, et al.,

      Defendants.

## ORDER ON PLAINTIFF'S MOTIONS
## FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
## AND FOR THE APPOINTMENT OF COUNSEL (DKT. NOS. 3, 8)

Cabell, U.S.M.J.

    Shawn Eric Seifert, who is incarcerated at FMC Devens, has filed a civil complaint in which he alleges that he is not receiving adequate medical care. He has also filed motions for leave to proceed *in forma pauperis* and for the appointment of *pro bono* counsel.

    Upon review of these documents, the court hereby orders that:

    1.   The motion for leave to proceed *in forma pauperis* is GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), the court assesses an initial partial filing fee of $20.52. The remainder of the

filing fee, $329.48, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

2. The clerk shall send a copy of this order to the treasurer of the institution having custody of the plaintiff.

3. The clerk shall provide the plaintiff with the form for Consent/Refusal of Magistrate Judge Jurisdiction and the instructions for that form ("consent package").

4. The clerk shall issue summonses as to all defendants. The plaintiff is responsible for serving the summonses, complaint, consent package, and this order on the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5. Because the plaintiff is proceeding *in forma pauperis*, he may elect to have service completed by the United States Marshals Service ("USMS"). If the plaintiff chooses to have service completed by the USMS, he shall provide the agency with all papers for service and a completed USM-285 form for each party to be served. The USMS shall complete service as directed by the plaintiff with all costs of service to be advanced by the United States. The Clerk shall provide the plaintiff with forms and instructions for service by the USMS.

6. The plaintiff shall have 90 days from the date of the issuance of the summonses to complete service. Failure to complete service within 90 days may result in dismissal of the

action without further notice from the court.  *See* Fed. R. Civ.
P. 4(m); Local Rule 4.1 (D. Mass.).

 7. The plaintiff and the defendants shall each indicate their consent or refusal to the final assignment of this case to the magistrate judge by completing and separately filing the form entitled "Notice to Parties in Pro Se Prisoner Litigation Cases."  The form must be filed in paper form and clearly marked "DO NOT SCAN."  While consent to the final assignment of the case to the magistrate judge is entirely voluntary, each party must submit the form indicating their consent or refusal to consent no later than 30 days after the latest date on which a defendant was served with the summons and complaint.

 8. The motion the appointment of *pro bono* counsel is DENIED WITHOUT PREJUDICE.  Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).  To qualify for the appointment of *pro bono* counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  *See id.*  In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must

examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  *See id.* at 24.  Here, because the defendants have not responded to or even been served with the complaint, the court cannot yet determine whether this case presents exceptional circumstances that would justify the appointment of *pro bono* counsel.  The plaintiff may renew the motion after the defendants have been served with and responded to the complaint.

                                       /s/ Donald L. Cabell
                                       DONALD L. CABELL, U.S.M.J.

DATED:  September 18, 2018